**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Ivan Roper,                                                          Case No. 4:17 CV01328

        Petitioner,

  v.
                                                                     **ORDER**
S. Merlak,

        Respondent.


*Pro se* Petitioner Ivan Roper filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated in FCI Elkton, having been convicted in 2013 in the United States District Court for the Eastern District of Tennessee on charges of possession of a firearm in furtherance of a drug trafficking crime. His sentence was enhanced as career offender under United States Sentencing Guidelines ("USSG") § 4B1.1 because he had two prior Tennessee convictions for aggravated robbery and one conviction for possession of marijuana with intent to sell. Petitioner claims the Tennessee drug statute under which he was convicted was broader than the definition of a controlled substance offense as defined by the USSG 4B1.2. He seeks resentencing without the enhancement.

**Background**

Petitioner pled guilty in 2013 in the Eastern District of Tennessee to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). A presentence report calculated Petitioner's advisory guideline range as 262 to 327 months. The report also classified him as a career offender under USSG § 4B1.1 because he had two prior Tennessee convictions for

aggravated robbery and one conviction for possession of marijuana with intent to sell.[1] On November 20, 2013, the Eastern District of Tennessee imposed a term of imprisonment of 188 months. Petitioner did not appeal.

On June 27, 2016, Petitioner filed a Motion to Vacate his Sentence under 28 U.S.C. § 2255 asserting he was entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Eastern District of Tennessee held that *Johnson* did not undermine his career offender enhancement because the Tennessee statute regarding aggravated armed robbery remains a crime of violence under the Guidelines use-of-physical-force clause. *See United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) ("[T]he Supreme Court's holding in *Johnson* leaves unaffected this Court's determination that simple robbery in Tennessee is a predicate offense under the 'use-of-physical-force' clause."); *United States v. Bailey*, 634 F. App'x 473, 477 (6th Cir. 2015) (per curiam) ("Tennessee convictions for aggravated robbery and robbery are categorically violent felonies under the ACCA's use-of-physical-force clause."); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (Tennessee robbery is categorically a violent felony under the ACCA's use-of-physical-force clause).

Petitioner appealed that decision to the United States Court of Appeals for the Sixth Circuit. *See Roper v. United States*, No. 16-6693 (6th Cir. May 23, 2017). The Sixth Circuit denied his request for a certificate of appealability, stating that *Johnson* does not apply to the advisory sentencing guidelines. *Id.* (citing *Beckles v. United States*, 137 S. Ct. 886, 897 (2017)).

Petitioner has now filed a Petition for a Writ of habeas Corpus under 28 U.S.C. § 2241,

---

[1] A defendant qualifies as a career offender if he is at least 18 years old at the time of the instant offense, the instant offense is a felony, either for a crime of violence or a controlled substance offense, and he has at least two prior felony convictions for either crimes of violence or controlled substances offenses. USSG § 4B1.1(a).

-2-

asserting the Tennessee drug offense statute under which he was convicted is broader than the statutory definition of a controlled substance under USSG 4B1.2 and under *Descamps v. United States*, 133 S. Ct. 2276 (2013) he is entitled to resentencing without the career offender enhancement. For the reasons stated below, the Petition is denied.

**Standard of Review**

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, I may dismiss the Petition at any time, or make any such disposition as law and justice require, if I determine the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under 28 U.S.C. § 2243).

**Discussion**

As a general matter, 28 U.S.C. § 2255 and 28 U.S.C. § 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence, while § 2241 "is appropriate for claims challenging

the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, claims asserted by federal prisoners seeking to challenge their sentences must be filed in the sentencing court pursuant to 28 U.S.C. § 2255. *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999).

There is a "savings clause" in 28 U.S.C. § 2255(e), which provides a narrow exception to the statutory scheme and allows a federal prisoner to challenge his conviction or sentence under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (citation omitted). Section 2255 relief is not inadequate or ineffective, however, merely because § 2255 relief has previously been denied, the Petitioner is procedurally barred from pursuing § 2255 relief, or the Petitioner has been denied permission to file a second or successive § 2255 motion. *Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) (citing *Peterman*, 249 F.3d at 461).

Rather, the Sixth Circuit has held the savings clause applies to allow a § 2241 Petition only in the narrow circumstance where a Petitioner demonstrates "actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Hayes v. Holland*, 473 F. App'x. 501, 502 (6th Cir. 2012). Actual innocence means "*factual* innocence," which requires the Petitioner to demonstrate "it is more likely than not that no reasonable juror would have convicted him." *Barnes*, 102 F. App'x 443 (citation omitted).

Petitioner has not demonstrated he is entitled to relief under the savings clause. As an initial matter, *Descamps* was decided by the Supreme Court on June 20, 2013. Petitioner was sentenced by the Eastern District of Tennessee on November 20, 2013, five months after *Descamps* was issued. If Petitioner's sentence violated established Supreme Court precedent, his remedy would lie in either a direct appeal of his conviction, or in a Motion to Vacate under 28 U.S.C. § 2255. He did not file

a direct appeal. He did, however, pursue a § 2255 Motion in 2016, but he did not raise a claim under *Descamps*. His remedy under § 2255 does not become inadequate or ineffective merely because he failed to assert this claim in his § 2255 Motion and is now barred from filing a second or successive Petition. *Barnes*, 102 F. App'x at 443.

**Conclusion**

It is, therefore,

ORDERED THAT the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr

JAMES G. CARR
Sr. U.S. District Judge